Case 4:24-cv-03095   Document 26   Filed on 11/22/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
November 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KYLE JAMES FRENCH, § § § Plaintiff, § v. § § REBECCA ELIZABETH ROWLAND, *et al.*, § § § Defendant. § § | CIVIL ACTION NO. H-24-03095 |

**MEMORANDUM AND OPINION**

Kyle French sues for alleged violations of his First Amendment, due process, and equal protection rights. He claims that the defendants, Rebecca Elizabeth Rowland, Caroline Marie Black, current Harris County judge Dianne Curvey, and former Harris County judge Barbara Stalder, conspired to deprive him of his parental rights and have him incarcerated. He seeks declaratory and injunctive relief, $90,000 in compensatory and punitive damages against Judge Curvey, and an additional $90,000 in "statutory damages" under § 1983 against all the defendants. (*Id.*).

Rowland, Black, Judge Curvey, and Judge Stalder all move to dismiss French's claims, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of standing under Rule 12(b)(1). (Docket Entry Nos. 10, 14, 15, and 17). Based on the pleadings, motions, the record, and the applicable law, the motions are granted. The reasons are explained below.

**I.   Background**

French's complaint contains a slew of allegations of constitutional violations against Judge Curvey, Judge Stalder, Black, and Rowland relating to state court child custody proceedings

between Black and French. The court construes the motion as seeking redress under 42 U.S.C. § 1983, which provides litigants with the right to sue state and local government employees and others acting "under color of state law" for civil rights violations. French alleges that on January 22, 2022, Judge Stalder issued a protective order against him. (Docket Entry No. 1 at 1). He alleges that Black, an individual with whom he shares a child, "used the Protective Order to sway the outcome of an underlying custody case" against him. (*Id*. at 2). He asserts that Black did so to obtain child support and interfere with his "constitutionally protected parental rights." (*Id*.). He also claims that Judge Stalder instructed Rowland, an attorney, to file a motion for enforcement of the protective order against him on September 21, 2022. (*Id.*). French argues that because of Judge Stalder and Rowland's "collusion," he was incarcerated. (*Id.*). It appears that he was incarcerated for violating the protective order.

French alleges that "despite the expiration of the plenary power to amend the protective order," Judge Curvey amended the protective order against him on February 23, 2023, without affording him due process. (*Id.*). He alleges that the amendments restrict his freedom of speech and "holds him to the discretionary power of the court." (*Id.*).

French further alleges that on October 21, 2023, Judge Curvey engaged in "ex parte" communications with him on his personal Facebook page, which showed her "personal discrimination toward [his] moral integrity." (*Id.*). He alleges that a few days later, on October 24, 2023, Judge Curvey had him illegally detained after an incident that involved a cake he gave to court staff. (*Id.*).

French alleges that in December 2023, Black had Rowland file a motion to enforce the protective order against him. (*Id.* at 2-3). Judge Curvey heard the motion. French alleges that "many unlawful actions of the Court occurred" during this hearing, which resulted in his

incarceration. (*Id.* at 3). French also claims that in April 2024, new charges were filed against him in Fort Bend County for violating the protective order, which he characterizes as a "further violation of his rights." (*Id.*).

French seeks numerous forms of relief: (1) a declaratory judgment that the original and amended protective orders violated the First Amendment; (2) a declaratory judgment that Judge Stalder and Rowland "colluded to prosecute and wrongfully incarcerate[]" him; (3) a declaratory judgment that the enforcement of the "void" contempt order violated French's rights; (4) a declaratory judgment that Black and Rowland "forum shopped" to unlawfully "affect" the child custody case pending in Liberty County, Texas; (5) a letter to be sent to the Texas Bar Association recommending sanctions and the removal of Rowland's bar license; (6) a letter to be sent to the State Commission on Judicial Conduct with complaints against Judge Curvey, including that she refused to recuse herself even though "the conditions dictated such a response"; (7) an order that Judge Curvey make a written public apology for her "official oppression" against French; (8) a stay of the proceedings against French in Fort Bend County for violating the protective order pending the outcome of this federal suit; (9) an order designating Rowland as a "vexatious litigant" in all matters relating to French, his family, and his "immediate affiliates"; (10) an order stating that any debts French owes to Rowland be dismissed, and "all monies previously paid to her be returned"; (11) an order vacating the state court protective order issued by Judge Stalder and amended by Judge Curvey; (12) and an order that Black be "remanded as Vexatious Litigant to prevent future forum shopping for favorable judgments to negatively impact the plaintiff in any manner, including child support." (Docket Entry No. 1 at 3-4).

Judge Curvey and Judge Stalder were Presiding Judges of the 280th District Court of Harris County during the period relevant to French's claims. They each filed motions to dismiss,

3

asserting Eleventh Amendment and judicial immunities. (Docket Entry Nos. 14, 15). Black and Rowland filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Docket Entry Nos. 10, 17). French has not responded to any of the four motions to dismiss.

## II. The Legal Standards

### A. Rule 12(b)(1)

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citation omitted).

### B. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a),

which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

"The pleadings of pro se litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression." *Whitfield v. Am. Express Nat'l Bank*, 2024 WL 1543236, at *2 (W.D. Tex. Apr. 9, 2024) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). "However, pro se plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist." *Id.* (citing *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).

**III. Analysis**

    **A. French's Claims against Black**

The court construes French's motion to allege that Black violated French's civil rights by filing a protective order and a subsequent motion to enforce it. (Docket Entry No. 1 at 2-3). French fails to state any plausible claim for relief against Black. French may not "sue [a] private citizen not acting under color of state law for a federal civil rights violation." *Miller v. Allison*, 2020 WL 13754904, at *1 (E.D. Tex. June 5, 2020); *see also*, *Hagerty v. Succession of Clement*, 749 F.2d 217, 221 (5th Cir. 1984) ("Section 1983 does not reach purely private conduct."). His motion is devoid of any allegations that Black acted under state law. French's claims against Black under § 1983 are dismissed under Rule 12(b)(6).

### B. French's Claims Against Rowland

French alleges that Rowland violated his civil rights by representing Black. French alleges that Rowland "abus[ed] the court to sway child custody matter" and "colluded" with Judge Stalder, who purportedly told him to file the protective order on behalf of Black against him. (Docket Entry No. 1 at 1-2). These allegations do not support an inference that Rowland acted under color of state law, as needed to state a claim for civil rights violations. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a joint actor with the judge"); *Lara v. Shannon*, 2014 WL 5297782, at *4 (N.D. Tex. Oct. 15, 2014), *aff'd*, 602 F. App'x 1007 (5th Cir. 2015) ("Private attorneys who conspire with state actors may face liability under § 1983 …. [h]owever, to state a conspiracy claim under § 1983 requires [the] plaintiff to set forth specific facts that tend to show an agreement among the defendants to commit an illegal act") (quoting reference omitted). French's claims against Rowland, a private citizen not acting under color of state law, fail for the same reasons his claims against Black failed. French's claims against Rowland under § 1983 are dismissed under Rule 12(b)(6).

### C. Claims against Judge Curvey

Judge Curvey is currently a Presiding Judge of the 280th District Court of Harris County. (Docket Entry No. 14 at 1). French's complaint alleges that Judge Curvey modified an unlawful protective order entered against him, engaged in discriminatory ex parte communications with him, and had him detained after he brought the court staff a cake that may (or may not) have contained fecal matter. (Docket Entry No. 1 at 2). The complaint names Judge Curvey as a defendant in both her individual and official capacities. (*Id*. at 1). Judge Curvey argues that French's claims are barred by the Eleventh Amendment, judicial immunity, and the abstention doctrine, and that he fails to state a claim upon which relief can be granted. (*Id*. at 2).

The court agrees. French's claims for monetary damages against Judge Curvey are barred by judicial immunity. "[J]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). This immunity applies even when, as French alleges here, the judge allegedly acted with malice or in bad faith. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The only exception is if the plaintiff alleges that the judge's actions were nonjudicial in nature, or if the judge acted in the complete absence of jurisdiction. *Id*. French's complaint is devoid of, and precludes, such allegations. Judicial immunity is a complete bar to French's claims for monetary relief against Judge Curvey.

Any claims for injunctive relief that French asserts against Judge Curvey for acts taken in her judicial capacity under § 1983 are also barred. *See, e.g.*, *Whole Woman's Health v. Jackson*, 13 F.4th 434 (5th Cir. 2021) ("Since 1996, Section 1983 precludes injunction actions against judicial officers acting in their judicial capacity."). To the extent that French asks the court to enter an order compelling Judge Curvey, or other state court judges, to take a particular action, it

7

cannot do so, "because federal courts lack the power to direct state court judges in the performance of their duties." *Mills v. Tidwell*, 2023 WL 11780958, at *2 (E.D. Tex. Sept. 26, 2023), report and recommendation adopted, 2024 WL 2750009 (E.D. Tex. May 29, 2024) (citing *LaBranche v. Becnel*, 559 Fed. Appx. 290, 290 (5th Cir. 2014)). And under the *Rooker-Feldman* doctrine, this court cannot review French's complaints of injuries caused by state court judgments entered against him by Judge Curvey or other state court judges. See *Morris v. Wells Fargo Bank*, 2017 WL 499922, *957-58 (5th Cir. 2017) ("[B]ecause [the plaintiff] is complaining of injuries caused by a state-court judgment, the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine") (alterations adopted) (quoting references omitted).

"The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). Each of French's claims against Judge Curvey must be dismissed, either for lack of jurisdiction or for failure to state a claim upon which relief can be granted under Rules 12(b)(1) and 12(b)(6).

### D. Claims against Judge Stalder

Judge Stalder was the Presiding Judge of the 280th District Court of Harris County during the period relevant to French's claims. (Docket Entry No. 15 at 1). French alleges that Judge Stalder conspired with Rowland to deprive him of his constitutional rights by instructing Rowland to file a motion for enforcement of judgment against him. These allegations arise from Judge Stalder's performance of judicial duties. The claims against Judge Stalder are barred for the same reason as the claims against Judge Curvey.

### E. Other Claims

French also seeks other forms of relief not addressed above.  Specifically, he asks the court to send a letter to the Texas Bar Association recommending sanctions and the removal of Rowland's bar license based on her actions in state court proceedings.  This court cannot do so. *See In re Lothian Oil, Inc.*, 531 F. App'x 428, 445 (5th Cir. 2013) (federal court's "inherent power to punish bad-faith conduct does not extend to actions in a separate state court proceeding").

Nor can this court grant French's request to review Judge Curvey's purported failure to recuse herself.  *See, e.g.*, *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 714 (S.D.N.Y. 2011) ("a judge's decision to recuse (or not to recuse) is . . . a judicial act" subject to judicial immunity).

As to French's request that the court designate Rowland and Black as vexatious litigants and restrict their ability to take further actions in state court, the court sees no basis to do so. "[R]esorting to the inherent power to sanction a vexatious litigant [is] appropriate where there [is] repeated bad-faith conduct that [is] beyond the reach of the Federal Rules of Civil Procedure." *Moses v. Cantu*, 2023 WL 2527159, at *3 (E.D. Tex. Mar. 15, 2023) (citing *Newby v. Enron Corp.*, 302 F.3d 295, 301-02 (5th Cir. 2002)).  Aside from a handful of conclusory allegations, French provides no basis to conclude that Rowland or Black have repeatedly engaged in bad faith conduct that warrants the sanctions he seeks.

Finally, French asks the court to issue injunctions ordering that any debts French owes to Rowland be dismissed and "all monies previously paid be returned."  French's allegations fail to identify any factual basis or legal authority for such an order.   This request is denied.

### IV.     Conclusion

Kyle French's claims against Judge Curvey, Judge Stalder, Caroline Marie Black, and Rebecca Elizabeth Rowland are dismissed, with prejudice, because amendment would be futile.

9

The pending motions for a preliminary injunction, (Docket Entry No. 7), emergency injunctive relief, (Docket Entry No. 11), and for a stay pending the resolution of the motions to dismiss, (Docket Entry No. 23), are denied as moot.

SIGNED on November 22, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge